[No. 6588. Decided September 6, 1907.]

SAMUEL R. STERN, *Respondent*, v. R. T. DANIEL, *Appellant*.[1]

EVIDENCE—LETTERS—ADMISSIBILITY—ATTORNEY AND CLIENT. In an action for professional services, letters showing that the services were rendered are not inadmissible for the reason that they showed the defendant to be engaged in leasing houses for. immoral purposes and the reflection upon his character might prejudice the jury against him.

WITNESSES—PRIVILEGED COMMUNICATIONS. Letters from a client to an attorney are not privileged as between themselves, where the client charges mismanagement of the cause and to enforce the privilege would deprive the attorney of the means of obtaining his rights.

Appeal from a judgment of the superior court for Spokane county, Poindexter, J., entered June 11, 1906, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover for professional services. Affirmed.

*A. E. Barnes* and *Geo. A. Latimer*, for appellant.

*Horace Kimball* and *Samuel R. Stern*, for respondent.

MOUNT, J.—Respondent brought this action to recover from appellant for the value of services rendered as an attorney and counselor for appellant between July 1, 1903, and January 1, 1906; and also for disbursements alleged to have been made for appellant on account of certain cases then pending in court. The trial was to a jury, and resulted in a verdict in favor of respondent in the sum of $1,000. The court denied a motion for a new trial and entered a judgment on the verdict in favor of respondent in the sum of $1,000. The defendant appeals.

The complaint alleged the value of the services to be the sum of $2,305, and the amount of disbursements to be $795.32, making a total of $3,100.32. On this total the com-

1Reported in 91 Pac. 552.

plaint alleged payments by the respondent amounting to $1,-422.25. The answer admitted the employment of the respondent by the appellant, but denied that the services performed by the respondent were of the value alleged in the complaint, and admitted the payment of $1,422.25, which it is alleged fully paid respondent for his services and disbursements. The answer also alleged three affirmative defenses, substantially as follows: (1) That respondent needlessly expended the sum of $496.92 in the defense of Wright v. Daniel, which the respondent should have known was a useless waste of money; (2) that in the case of Wright v. Daniel, owing to the unskillful manner in which respondent defended said case, it became necessary for appellant to employ other counsel, at an expense of $350, to assist respondent therein; (3) that in the case known as the "Pattee" case, appellant was also required to employ other counsel at an expense of $400, on account of the unskillfulness of respondent.

Because there was no evidence to support these three affirmative defenses, they were each taken from the consideration of the jury. It is claimed by the appellant that the court erred in not granting a new trial, because (1) of insufficiency of the evidence to justify the verdict; (2) the jury was prejudiced against the appellant; (3) the fees were excessive upon their face, and because certain exhibits were erroneously allowed in evidence. A cursory reading of the plaintiff's testimony discloses that there is ample evidence to justify the verdict, if the jury believed it, which they evidently did, and we find nothing in the amount of the verdict to justify the contention that the jury were prejudiced against the appellant.

The complaint prayed for a balance of $1,678. There was evidence to support the judgment for this amount. But the jury found for but $1,000, which was, in our opinion, a conservative finding. There was evidence in the case which may have had a tendency of prejudice against appellant. For example, letters which were written to respondent by the appel-

lant were introduced in evidence. These letters showed that appellant was engaged in leasing buildings for immoral purposes. But these letters were admissible to show that respondent had rendered services to the appellant in the way of advice and consultation in regard thereto, for which respondent was entitled to recover. The mere fact that these letters reflected upon the business or character of appellant was not sufficient reason for excluding them. If they were prejudicial on this account, that prejudice is not manifest in the verdict rendered.

It is also claimed that these letters were privileged, and that the court erroneously admitted them. They would have been privileged, no doubt, as between either of the parties to this suit and third parties, but as between the attorney and client the rule of privilege will not be enforced where the client charges mismanagement of his cause by the attorney, as was the case here, and where it would be manifest injustice to allow the client to take advantage of the rule of privilege to the prejudice of the attorney, or when it would be carried to the extent of depriving the attorney of the means of obtaining or defending his own rights. 23 Am. & Eng. Ency. Law (2d ed.), p. 79; *Mitchell v. Bromberger*, 2 Nevada 345, 90 Am. Dec. 550. It was therefore not error to allow these letters in evidence.

It is also argued that the court erred in permitting certain hypothetical questions proposed to attorneys as witnesses upon the question of the amount of reasonable fees. The questions as finally permitted were, we think, in accordance with the plaintiff's evidence and supported by it, and therefore were not erroneous.

We find no reversible error in the record. The judgment must therefore be affirmed.

HADLEY, C. J., CROW, FULLERTON, RUDKIN, DUNBAR and ROOT, JJ., concur.